IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MOHAMED AL-OWHALI, #42371-054, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 21-cv-01399-SMY |
| | ) |
| FEDERAL BUREAU OF PRISONS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

This matter is before the Court on Defendants' unopposed Motion for Reconsideration of the Court's Order Denying Motion to Dismiss Count 2 (Doc. 32) and Defendants' Motion to Transfer Case to the District of Colorado (Doc. 33).

**Background**

Plaintiff Mohamed al-Owhali is a Saudi Arabian citizen in the custody of the Federal Bureau of Prisons (FBOP) and is serving a life sentence for convictions stemming from his terrorist activities. *See In re Terrorist Bombings of U.S. Embassies in East Africa*, 552 F.3d 93, 101-05 (2d Cir. 2008). In a Complaint filed pursuant to 28 U.S.C. § 1331 on November 8, 2021, Plaintiff requested declaratory and injunctive relief to stop his anticipated transfer from the United States Penitentiary in Marion, Illinois (USP-Marion), to the United States Penitentiary Administrative Maximum Facility in Florence, Colorado (USP-Florence ADX). He claimed that a transfer would deprive him of a protected liberty interest without due process of law in violation of the Fifth Amendment (Count 1); amount to retaliation for his association with Muslim inmates in violation of the First Amendment (Count 2); and constitute deliberate indifference to his serious mental illness in violation of the Eighth Amendment (Count 3). (Doc. 1). Because Plaintiff's claims and

1

requests for relief were contingent upon future events, this Court dismissed them as premature on November 30, 2021. (Doc. 11).

Plaintiff filed an Amended Complaint in this District on December 30, 2021, after he transferred to USP-Florence ADX. (Doc. 12). He requested that the transfer decision be rescinded due to the significant likelihood that his placement in USP-Florence ADX would cause increased illness and unnecessary suffering. Following review of the Amended Complaint under 28 U.S.C. § 1915A, the Court allowed Plaintiff to proceed on his claims that high-ranking USP-Marion and FBOP officials made the transfer decision without a meaningful hearing in violation of the Fifth Amendment (Count 1), based on improper anti-Muslim animus in violation of the First Amendment (Count 2), and with deliberate indifference to his serious mental health needs in violation of the Eighth Amendment (Count 3). (Doc. 13). Defendants' motion to dismiss these claims under Federal Rule of Civil Procedure 12(b)(6) and 12(b)(1) was denied (Docs. 23, 31).

Defendants seek reconsideration of the Court's denial of dismissal as to Count 2. (Doc. 32). Because Plaintiff is now housed at USP-Florence ADX, Defendants also seek an order transferring this case to the District of Colorado. (Doc. 33). Plaintiff opposes the transfer request. (Doc. 37).

## Motion for Reconsideration

Defendants move for reconsideration of the Court's Order (Doc. 31) denying the motion to dismiss Count 2 (Doc. 32). That claim survived screening under § 1915A (Doc. 13) and dismissal under Rule 12 (Doc. 31). As Defendants point out, however, Plaintiff did not oppose dismissal of Count 2 (Doc. 24). And he takes no position on the issue in connection with the motion for reconsideration (Doc 37, p. 1).

2

In response to Defendants' motion to dismiss, Plaintiff conceded that dismissal of this particular claim was appropriate:

> After carefully considering the Defendants' motion, the Plaintiff concedes that Defendants are correct as to his second cause of action: religious discrimination in violation of the First Amendment.  Plaintiff's counsel has notified Defendants' counsel of this concession and his willingness to file a Second Amended Complaint.  Defendants' counsel consents to an amendment of the complaint.  However, to avoid resetting the clock, Defendants' counsel has signified willingness to accept this concession in the briefing.

(Doc. 24, p. 2, n.1).

An order denying a motion to dismiss is an interlocutory order and, as such, is neither immediately appealable nor a final judgment. *Agretti v. ANR Freight Sys., Inc.*, 982 F.2d 242, 248 (7th Cir. 1992).  Motions seeking reconsideration of an interlocutory order are governed by Federal Rule of Civil Procedure 54(b).  Under Rule 54(b), the Court may exercise its inherent authority to reconsider its prior interlocutory orders at any time before entry of the final judgment.  *See* FED. R. CIV. P. 54(b); *Terry v. Spencer*, 888 F.3d 890, 893 (7th Cir. 2018).  As this Court has not entered an order adjudicating any claims against any parties, the motion for reconsideration is timely.

A "motion to reconsider is proper where the Court has misunderstood a party, where the Court has made a decision outside the adversarial issues presented to the Court by the parties, where the Court has made an error of apprehension (not of reasoning), where a significant change in the law has occurred or where significant new facts have been discovered." *Battle v. Smoot*, No. 17-cv-1165-NJR, 2018 WL 2604855, at *2 (S.D. Ill. June 4, 2018).  The instant motion stems from an oversight by the Court of Plaintiff's concession to dismissal of Count 2. Accordingly, the motion to reconsider and dismiss Count 2 will be granted.

## Motion to Transfer Case (Doc. 33)

Defendants seek a transfer of this case to the District of Colorado.  (Doc. 33).  Plaintiff opposes the request.  (Doc. 37).  Under 28 U.S.C. § 1404, a district court may transfer a civil action

3

"[f]or the convenience of parties and witnesses" and "in the interest of justice" to any other district or division where it might have been brought or by consent of the parties. 28 U.S.C. § 1404(a).

28 U.S.C. § 1391(b)(2) provides for venue in a district where "a substantial part of the events or omissions giving rise to the claim occurred." *Id*. This case arises from Plaintiff's transfer from USP-Marion to USP-Florence ADX. Plaintiff challenges the decision-making process at USP-Marion that culminated in his transfer to USP-Florence ADX (Count 1) and the conditions he faces at USP-Florence ADX (Count 3). (Doc. 12). A substantial part of events giving rise to Count 1 occurred at USP-Marion. All of the events giving rise to Count 3 took place at USP-Florence ADX. Therefore, the action "might have been brought" in either the Southern District of Illinois or the District of Colorado.

Plaintiff chose to file the original Complaint in this District, while he was housed at USP-Marion. (Doc. 1). He commenced the action after learning of a recommendation for his transfer. He challenged the impending decision to transfer him to USP-Florence ADX. Because no actual transfer decision or transfer had yet occurred, however, the Court concluded that his claims were unripe and dismissed the original Complaint without prejudice as premature. (Doc. 11).

Plaintiff filed an Amended Complaint after transferring to USP-Florence ADX. (Doc. 12). He challenges the process that led to the actual decision at USP-Marion to transfer him to USP-Florence ADX and the conditions he faced at the new facility. Both of his claims involve consideration of the conditions at USP-Florence ADX.[1] Plaintiff merely chose to file the Amended Complaint in this District.

---

[1] Plaintiff alleges that due process required consideration of his serious mental illness before any decision was made to transfer him because extreme isolation at USP-Florence ADX increased the risk of a mental health crisis. (Doc. 12 at ¶¶ 16, 19-27, 87-88, 95-98). The due process analysis in Count 1 requires consideration of the conditions at USP-Florence ADX, just as the deliberate indifference claim in Count 3 also hinges on the conditions Plaintiff has encountered there.

He could have filed it in the District of Colorado because both claims arise from conditions at USP-Florence ADX. Plaintiff allegedly suffers from bipolar disorder, anxiety disorder, and schizoaffective disorder, and his serious mental illness is exacerbated by confinement in segregation. Plaintiff asserts that USP-Florence ADX makes use of small cells and "extreme isolation" in a manner that "multipl[ies] the risk of various physical or psychological harm." (Doc. 12, ¶¶ 19-27, 87-88, 95-98). In Count 1, Plaintiff alleges that BOP officials should have considered his serious mental illness as a factor in the transfer decision. Although the transfer decision was made at USP-Marion, Count 1 involves consideration of the conditions at USP-Florence ADX.[2] In Count 3, Plaintiff directly challenges the conditions of his ongoing confinement and treatment at USP-Florence ADX under the Eighth Amendment. In other words, the primary focus of this suit is on the conditions Plaintiff faces as a mentally ill inmate at USP-Florence ADX.

The interests of justice are served by transferring this case. In connection with both claims, Plaintiff seeks declaratory and injunctive relief in the form of an order transferring him out of USP-Florence ADX. The housing decision depends on his current living conditions, housing arrangement, and mental health treatment at USP-Florence ADX. Consideration of conditions at USP-Florence ADX will involve a detailed examination of living conditions, treatment options, and resources available at that facility. *See Carillo v. Darden*, 992 F. Supp. 1024, 1026 (N.D. Ill. 1998) ("The administration of justice is served more efficiently when the action is litigated in the forum that is 'closer to the action.'"). Events, evidence, and witnesses who can speak to these issues are located in Colorado.[3]

---

[2] See fn. 1.

[3] Although Plaintiff indicates that his attorneys are not located in Colorado, the Court notes that Attorney Deborah Golden represents BOP inmates nationally. *See* https://debgoldenlaw.com/prisoners-rights-lawyer-federal-bureau-of-prisons/ (site last visited Aug. 9, 2024) ("Based in Washington, D.C., our firm works on cases nationally to

The desirability of resolving this matter in the federal judicial district where these events are still occurring favors transfer. Federal courts located in Colorado routinely address complaints about the conditions inmates face at USP-Florence ADX, and Defendants point to a number of cases addressing such claims, *e.g.*, *Silverstein v. Fed'l Bureau of Prisons*, 559 F. App'x 739 (10th Cir. 2014); *Rezaq v. Nalley*, 677 F.3d 1001 (10th Cir. 2012); *Ajaj v. United States*, 293 F. App'x 575 (10th Cir. 2008); *McMillan v. Wiley*, 813 F. Supp. 2d 1238 (D. Co. 2011); and *Matthews v. Wiley*, 744 F. Supp. 2d 1159 (D. Co. 2010). While this Court can certainly address the federal questions presented, the transferee court is in the best position to adjudicate the due process claim in Count 1 and conditions-of-confinement claim in Count 3 *together*[4] using these standards to decide whether Plaintiff's transfer out of USP-Florence ADX is now warranted.

Although the original Complaint was filed in late 2021, the case is still in its infancy. Plaintiff's complaints necessitated two rounds of screening under 28 U.S.C. § 1915A, and Defendants' early dispositive motions likewise necessitated multiple rounds of review before Defendants moved for a change of venue. No answers have been filed. In addition, the District of Colorado has a less congested docket based on information provided by Defendants,[5] so transfer may expedite resolution of the case.

Accordingly, for the convenience of the parties and witnesses and in the interests of justice,

---

provide compassionate and dedicated representation to those whose rights have been violated within the BOP system.").

[4] This Court also considered and ruled out severance of Count 3 and transfer of that claim, alone, to the District of Colorado. Counts 1 and 3 both involve a request for injunctive relief that necessitates examination of the conditions at USP-Florence ADX to determine whether Plaintiff's transfer out of that facility is warranted. The Court thus deems it more appropriate to transfer both claims together to the District of Colorado.

[5] For the 12-month period ending June 2023, Defendants pointed out that weighted filings per judge totaled 585 per judge in the District of Colorado as compared to 809 per judge in the Southern District of Illinois; the median time from case filing to trial was 36.2 months in the District of Colorado as compared to 48.8 months in the Southern District of Illinois; and, although the District of Colorado had a higher percentage of civil cases that were at least 3 years old, at 6.5% compared to 3.8% in the Southern District of Illinois, the District of Colorado had fewer total older cases at 198 compared to 216 in the Southern District of Illinois. (*See* Doc. 33, Ex. A – Data table – U.S. District Courts—Combined Civil and Criminal Federal Court Management Statistics (June 30, 2023)).

the Court will grant Defendants' motion and transfer this case to the United States District Court for the District of Colorado.  *See* 28 U.S.C. § 1404(a); 28 U.S.C. § 85.

## Conclusion

Defendants' Motion for Reconsideration Regarding Order on Motion to Dismiss for Failure to State a Claim as to Count 2 (Doc. 32) is **GRANTED**; **COUNT 2** is **DISMISSED** without prejudice from this action.

Defendants' Motion to Transfer Case to the District of Colorado (Doc. 33) is **GRANTED** under 28 U.S.C. § 1404(a).  This action is **TRANSFERRED** to the United States District Court for the District of Colorado for such further proceedings as that court may deem appropriate.

**IT IS SO ORDERED.**

**DATED: 8/12/2024**

s/ *Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**